[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE THE VERDICT
On January 11, 1991 the jury returned a verdict for the two defendants. This was a Tort Reform I case, where the jury assessed the relative degrees of negligence of all the parties. The jury's assessment was as follows:
Percentage of negligence of Plaintiff = 85% CT Page 116
 Percentage of negligence of Defendant Feistahmel = 5%
 Percentage of negligence of Defendant Vicino = 10%.
The case involved a fall by the plaintiff at approximately 8 A.M. on January 23, 1987, on a patch of ice, in a parking lot adjacent to a building owned by the defendant Feistahmel. The defendant, Vicino, was under contract to plow and sand the area.
The snow, which ultimately turned to rain, had stopped at approximately 1:30 A.M. of the same morning. The defendant, Vicino, testified that in the early morning he had plowed the area and had completed his job by 7:30 A.M.
On her way to work, the plaintiff slipped three times on the approach to the building of the defendant, Feistahmel. Two companions, however, negotiated the area without trouble.
The plaintiff has made many claims in her Motion to Set Aside Verdict, most of which were not made on the record at the trial.
For instance, while the defendants had offered an ordinance of the Town of Wethersfield as to the clearing of snow and ice (in accordance with the footnote on page 198 of Kraus v. Newton, 211 Conn. 191) and where the court gave a cautionary instruction to the jury, no exceptions were noted.
Similarly, when the sheriff let the jury go home one day at approximately 5 P.M., the plaintiff now claims (although no such claim was made at trial) that on that particular day, the court did not have the opportunity to admonish the jury that they should not discuss the case with anyone. In fact, however, the court had made such admonition on the first day of trial.
After the clerk asked the jury, after the verdict was received, as to whether "So say you all", the plaintiff asked the court to poll the jury. The court denied such request, saying that each juror had individually responded. (See State v. Washington, 191 Conn. 307).
By their response to the degrees of negligence, the jury clearly felt that the plaintiff was fully to blame for not taking precautions for her own safety. It should also be noted that the accident happened soon after the storm, giving the defendants little time to remedy any defect. CT Page 117
Accordingly, the motion to set aside the verdict is DENIED.
WRIGHT, J.